**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 18 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICARDO GOMEZ RIVERA,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 25-949<br><br>Agency No.<br>A215-561-549<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2026[**]

Before: SILVERMAN, NGUYEN, and HURWITZ, Circuit Judges.

Ricardo Gomez Rivera, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"), and cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, and review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence whether the agency erred in applying the exceptional and extremely unusual hardship standard to a given set of facts. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). We deny the petition for review.

Gomez Rivera's challenge to the notice to appear fails because any potential defect was cured by the subsequent notice of hearing specifying the date and time of the proceedings. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1161-62 (9th Cir. 2019).

Gomez Rivera does not challenge the BIA's conclusion that he waived review of the IJ's determination that he failed to show an exception to the one-year filing deadline to qualify for asylum and the IJ's denial of CAT protection. We therefore do not address these issues. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013). Thus, Gomez Rivera's asylum and CAT claims fail.

As to withholding of removal, Gomez Rivera also does not challenge the BIA's conclusion that he waived review of the IJ's determination that he did not demonstrate a nexus between the harm suffered and his political opinion or religion, so we do not address it. *See id*. The agency did not err in finding that

Gomez Rivera did not show he is a member of a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). Thus, Gomez Rivera's withholding of removal claim fails.

In light of this disposition, we need not reach Gomez Rivera's remaining contentions regarding the merits of his asylum and withholding of removal claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence supports the agency's determination that Gomez Rivera has not shown exceptional and extremely unusual hardship to qualifying relatives. *See Gonzalez-Juarez*, 137 F.4th at 1006 (petitioner must show hardship "substantially beyond the ordinary hardship that would be expected when a close family member leaves the country" (citation and internal quotation marks omitted)). Gomez Rivera's contention that the agency erred by not assessing whether he merited cancellation of removal in the exercise of discretion fails because the agency's hardship finding was dispositive of his claim. *See Simeonov*, 371 F.3d at 538.

25-949

The motion (Docket No.17) to submit the case on the briefs without oral argument is granted.

The motion to stay removal is denied.

**PETITION FOR REVIEW DENIED.**